**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Forrest Shepard, as Trustee of the Bill N. Shepard Trust,<br><br>Plaintiff,<br><br>vs.<br><br>Pishit S. Patel, and Does 1-10, inclusive,<br><br>Defendants. | No. CV 11-08146-PCT-NVW<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss Complaint; or in the Alternative, Motion to Refer this Case to the Bankruptcy Court Adversary No. 03-0933 (Doc. 8). The motion will be denied for the following reasons.

**I.　BACKGROUND**

This case arises out of a partnership dispute related to the management of two motel properties in Arizona. In 1995, Bill Shepard, Defendant, and Defendant's former wife, Ms. Patel, entered into a partnership for the purchase and operation of motel properties: relevant here, the Island Inn Resort and the Motel 6 West, both located in Arizona. In 1998, Mr. Shepard filed suit against Defendant and Ms. Patel in California state court for declaratory relief, accounting, dissolution, fraud, and breach of fiduciary duty related to Defendant's alleged mismanagement of the properties. In 2002, Defendant and Ms. Patel filed for Chapter 11 bankruptcy in Arizona; the pending litigation with Mr. Shepard was also removed to the bankruptcy court.

On November 29, 2007, the bankruptcy court issued its judgment, finding Mr. Shepard had a one-third partnership interest in both the Island Inn Resort and the Motel 6 West and entering money judgments for Mr. Shepard against the Patels related to both properties. The bankruptcy court's judgment also provided that a third-party management company would manage the properties until the money judgments for Mr. Shepard were paid, upon which time Defendant's management company could resume management of the properties. While Mr. Shepard also requested dissolution of the partnership during those proceedings, the bankruptcy court denied that request.

Plaintiff acquired Mr. Shepard's interest in the properties upon Mr. Shepard's death in 2008. Defendant acquired Ms. Patel's interest in the properties upon their divorce in 2010. On February 15, 2011, a final decree was entered and the administrative case in the bankruptcy matter was closed. In the approved Second Amended Plan of Reorganization, the bankruptcy court retained jurisdiction:

> (a) to hear and determine any claim or cause of action arising in or related to the Bankruptcy Cases; and (b) to adjudicate any causes of action or other proceedings currently pending or otherwise referenced here or elsewhere in the Plan . . . which are or may be pertinent to the Bankruptcy Cases and which the Debtors may deem appropriate to commence and prosecute in support of implementation of the Plan.

(Doc. 8-3.)

At some point, the judgment against Defendant was satisfied. Plaintiff and Defendant continued their partnership, and Defendant's management company resumed managing the properties. In March 2011, Defendant requested a cash contribution from Plaintiff to pay property taxes and other expenses related to the properties. Defendant also requested that Plaintiff provide information to a bank for a proposed refinancing of the loan on the Motel 6 West property. After receiving these requests, Plaintiff demanded and was provided with all the partnership books and records for inspection and copying in April 2011. Plaintiff claims on information and belief, based on Defendant's past conduct in the operation of the partnership and non-specified evidence gleaned from the books and records reviewed, that Defendant is engaging in misappropriation and self-

dealing with respect to the partnership assets. Plaintiff accordingly filed suit in this Court on September 16, 2011, claiming breach of fiduciary relationship with respect to the partnership and seeking accounting and dissolution of the partnership related to the Island Inn Resort and Motel 6 West properties (Doc. 1). Defendant filed his motion to dismiss, or to alternatively refer the case to the bankruptcy court, on October 17, 2011 (Doc. 8).

## II. MOTION TO DISMISS

Defendant argues that Plaintiff's claims are barred by the doctrine of res judicata because the causes of action Plaintiff asserts are identical to the claims asserted in the earlier litigation, commenced in 1998, between Mr. Shepard and the Patels.

A cause of action is barred under res judicata where there is "a judgment on the merits in a prior suit . . . involving the same parties or their privies based on the same cause of action." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 880 n. 5 (9th Cir. 2007) (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326-27 (1979)). A party may not bring the same cause of action in a subsequent litigation based on "facts actually litigated [or] upon those points that might have been litigated" in the earlier action. *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999).

While the causes of action raised here mirror the causes of action raised by Plaintiff's predecessor in interest in the 1998 litigation, Plaintiff's claims are not based on the same facts and there has been no final judgment on these new claims. Rather, Plaintiff is seeking relief for Defendant's actions that were taken in March and April of 2011, after the earlier litigation was already completely resolved. Although Defendant's alleged misconduct has not been pled in detail, the complaint does sufficiently allege that the misconduct occurred after the close of the bankruptcy proceedings. While the alleged misconduct, as well as the relief sought, is similar in nature to the claims raised in the earlier litigation, the facts supporting Plaintiff's claims had not yet occurred at the time; accordingly, Plaintiff could not have litigated his claims for Defendant's current alleged mismanagement in the earlier proceedings. Therefore, Plaintiff's claims are not barred by res judicata and Defendant's motion to dismiss on this basis (Doc. 8) will be denied.

### III. MOTION TO REFER

Defendant further requests that, if his motion to dismiss is denied, this case be referred to the bankruptcy court. In determining whether to refer the matter to the Bankruptcy Court, the Court must first determine whether the Bankruptcy Court has jurisdiction to hear the proceeding at all. *See Hacienda Heating & Cooling, Inc. v. United Artists Theatre Cir.*, 2009 WL 8238063, *2 (D. Ariz. 2009). A bankruptcy court has jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). The bankruptcy can also hear non-core proceedings that are "otherwise related to a case under title 11." *Id.* § 157(c)(1). Defendant claims that the Bankruptcy Court retains jurisdiction over this matter because in this action requires interpretation of the bankruptcy court's earlier judgment, the bankruptcy court expressly retained jurisdiction over this matter, and the claims and issues asserted are related to the bankruptcy case (Doc. 13).

While a bankruptcy court does have "the power to enforce its own orders pursuant to 11 U.S.C. § 105[,]" *Hacienda*, 2009 WL 8238063 at *2 (citing *In re Birting Fisheries, Inc.*, 300 B.R. 489, 499 (9th Cir. 2003) ("A bankruptcy court's original core jurisdiction 'continues' in order for it to enforce its orders, even after the case has been closed.")), Plaintiff's claims now do not require the interpretation or enforcement of the earlier judgment or any alteration to the plan of reorganization. Rather, the complaint raises new causes of action based on recent events that were not litigated in the earlier proceeding and do not relate to the bankruptcy proceeding. Indeed, both the bankruptcy court and Defendant recognized that Plaintiff would have the right to seek dissolution under state law if Defendant took post-judgment action that would warrant dissolution (Docs. 10-1, 10-2). Here, the final decree has been entered and bankruptcy administrative case has been closed; while the causes of action raised now are similar to those that were resolved in the bankruptcy court proceedings, they are premised on new facts that occurred after

| | |
|---|---|
| 1 | the close of those proceedings.  Defendant has not established that Plaintiff's complaint |
| 2 | raises causes of action sufficiently "related to" the prior bankruptcy proceeding or that |
| 3 | this litigation's outcome would "have any effect on the bankruptcy estate" to warrant |
| 4 | referral of this case.  *See In re ACI-HDT Supply Co.*, 2005 B.R. 231, 237 (B.A.P. 9th Cir. |
| 5 | 1997).  Since the bankruptcy court's retention of jurisdiction was for claims or causes of |
| 6 | action related to the bankruptcy case, that provision of the reorganization plan does not |
| 7 | mandate referral of this matter to the bankruptcy court.  Defendant's request for referral |
| 8 | to the bankruptcy court (Doc. 8) will accordingly be denied. |
| 9 | IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Complaint; |
| 10 | or in the Alternative, Motion to Refer this Case to the Bankruptcy Court Adversary No. |
| 11 | 03-0933 (Doc. 8) is denied. |
| 12 | Dated this 23rd day of December, 2011. |

_____
Neil V. Wake
United States District Judge